IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN FELIPE VIDRIO FUENTES,<br>MARTIN TOPETE,<br>JOHNATHAN TOPETE,<br>ANTHONY WAYNE JOHNSON II,<br>JAMES ANDREW STRINGARI, and<br>JANET DEAN WHITE,<br><br>Defendants. | CR 23–10–BU–DLC<br><br><br>ORDER |

Before the Court is Defendant Juan Felipe Vidrio-Fuentes's Pro Se Motion Under 28 U.S.C. § 2255. (Doc. 206.) Defendant filed his motion using the form provided for pro se litigants seeking post-conviction relief under 28 U.S.C. § 2255. (*Id.*) In the motion, Defendant claims that his speedy trial right has been violated because "he never waived [his] right to a speedy trial" and "never signed a waiver for any continuance." (*Id.* at 4.)

First, Defendant is currently in pre-trial custody pending trial in this matter on April 22, 2024. Accordingly, § 2255 is inapplicable because Defendant is not seeking post-conviction relief. *See* 28 U.S.C. § 2255; *United States v. Crowell*, 374 F.3d 790, 795 (9th Cir. 2004) ("In providing for relief pursuant to § 2255,

1

Congress has provided a near-comprehensive scheme for *post-conviction* collateral relief for those in custody." (emphasis added)). The Court also notes that the form used by Defendant includes the following language: "Use this form to challenge a *conviction* or *sentence* entered in the United States District Court for the District of Montana." (Doc. 206 at 1 (emphasis added).) Nonetheless, the Court construes the motion as a motion to dismiss the indictment for violation of Defendant's right to a speedy trial.

Second, Defendant has filed this motion pro se despite the fact that he is represented by counsel in this matter. A defendant has the right to represent himself in a criminal trial and he has the right to the assistance of counsel. *Faretta v. California*, 422 U.S. 806, 819 (1975); *Powell v. Alabama*, 287 U.S. 45, 66 (1932). However, "[a] criminal defendant does not have an absolute right to both self-representation *and* the assistance of counsel." *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987). The Court may allow a defendant to proceed under such hybrid representation, but that decision rests "within the sound discretion" of the Court. *Id.* Defendant has not asked to represent himself nor has he requested the right to hybrid representation. Accordingly, counsel for Defendant is directed to consult with his client and determine whether Defendant wishes to proceed with the motion as construed.

The Court will not vacate the trial scheduled on April 22. Accordingly, the Court requires an expedited briefing schedule should Defendant elect not to withdraw the motion as construed.

Accordingly, IT IS ORDERED that the United States shall file a response to Defendant's motion (Doc. 206), as construed by the Court, on or before April 10, 2024.

IT IS FURTHER ORDERED that the Court will not accept any further pro se filings from defendants in this matter who are represented at the time of filing or who have not requested to proceed under hybrid representation. The Clerk of Court is directed to file any such filings as notices rather than motions.

DATED this 5th day of April, 2024.

_____
Dana L. Christensen, District Judge
United States District Court